Hear ye, hear ye, hear ye. The United States Court of Appeals for the 11th Circuit is now open and according to law, God save the United States and its honorable court. Good morning and welcome to the 11th Circuit. We have oral arguments today in two cases and I think you're all familiar with our timing system. As you know, usually we have light. That's not an option when we're on the phone. So the court sessions clerk, Ms. Geddes, will let you know when you have two minutes left and will let you know when your time has expired. We ask that you please stick closely to these time requirements, but if we have any questions that require you to go over the limit, of course, please finish the answers to the questions since we wouldn't be asking them unless we wanted to know the answers. And we look forward to a great day of argument. We'll hear first from the case of United States of America v. Bryan Matthew Cooney and we have Steve Langs. Good morning. May it please the court, my name is Steve Langs. I represent the defendant and appellant in this case, Mr. Cooney. If I may briefly, is my volume okay? Am I coming through okay for the court? Yes, thank you. Thank you. This appeal challenges the district court's 19-year sentence imposed in this case as substantively unreasonable. I appreciate that the concept of a flexible standard and at its heart involves what is quintessentially a judgment call, but this case asks of this court to measure how far it's willing to bend before finding an abuse of discretion. There is and there should be some weight, if not some teeth, to substantive review. Generally speaking, we're all very familiar with the standards of review governing a sentencing challenge like this and I'm sure we all accept the combined effect of all the principles that govern and apply to substantive reasonableness in review and that's to say that substantively unreasonable sentences are rare. The sentence in this case, however, is one of those rare instances. In any given sentencing structure, I would humbly submit that there are two questions on which the court has to answer. The first question is what is it that the defendant did wrong and then the second question, probably more important, is what are we going to do about it? Now the construct is we start with calculating the math. Now in Mr. Cooney's case, he pled guilty without a written plea agreement to simple possession of materials containing child pornography, so his statutory range was between zero and 20 years. In terms of the guidelines, for which there was no objections, he was calculated out at a six-and-a-half to eight years. So walking into court, in terms of the math, the worst possible sentence he could have received was 20 years. The math suggests at six-and-a-half to eight years. Now in this case, what we would submit or what we suggest when we look at the record on this case, what happened was despite Mr. Cooney's presentation, despite his argument, despite his medication, despite his exhibits, if you will, that were submitted to the court ahead of time, the case simply, for lack of a better way of describing it, ignored that presentation. The poll star and guide in any of these federal sentencing matters starts with the math, starts with the guidelines. In this instance, after the process, after the sentencing presentation took place, after the parties were afforded their opportunity to present their arguments in favor of mitigation or aggravation, the district court ignored the guidelines in favor of starting with the statutory maximum and then worked backwards from there. Counsel, this is Robert Luck. Your argument that I understand you're making and that you made in your brief is that the district court started high and subtracted from there and didn't start from the guidelines as required. Assuming that is a substantive reasonableness argument and not a procedural reasonableness argument, how do we square that with the transcript of the sentencing hearing, and I'm referring to pages 39 and 40 of the sentencing transcripts, where the portion where the court hears everyone hears the arguments and then gives its sentence, and the court says, I've asked the defendant should not be pronounced sentenced, that there's no cause, the parties have made statements on their behalf and have waived the opportunity to make any objection or any further statements, and the court has reviewed the pre-sentence report and the advisory guidelines. That's the first thing out of his mouth. It's the first sentence in the course of discussing why he's sentencing the way that he did. How can we say that he didn't start from the guidelines? The toughest problem, Your Honor, I think in any of these cases in terms of substantive reasonableness review is this idea of an organic and holistic approach, meaning we simply can't give form the weight and credibility over substance, because whether, and I heard the language here, whether we get into a the argument is to say, overall, when we look at a 19-year sentence, given the record on appeal that's given this court, as all the surrounding circumstances are presented, even though the magic words are recited in terms of the transcript, when you look organically at 30,000 feet the case and what was taking place here, yes, I appreciate that the language was used. Yes, I recognize that the district court said, look, I've read the pre-sentence report. I looked at the pre-binary guidelines. In fact, at the beginning of the transcript, the math was actually calculated. But then his following language goes on to say, in terms of giving Mr. Cooney credit, in terms of his reflection of what Congress meant by this case, clearly, substantively, what the court was doing was saying, hey, I have taken all this additional information that I didn't know about, i.e. Agent Hire's testimony, i.e. the mother's victim impact statement, now all of a sudden, I'm utterly going to ignore the starting point, the six and a half to eight years. I'm going to give you credit from 20 years. I would have given you 20 years, but I was obligated for that acceptance of responsibility to come out here. Counsel, I have two questions. The first is, the way I see the transcript, and I want you to correct me if I'm wrong, what the court then, right after it says that I've considered the PSI and the advisory guidelines says, this started off as an extraordinary case. So what I've heard at sentencing, it is not an ordinary case, and Congress has authorized a maximum sentence for this for at least some cases, and I think this case, based on what I've heard, is close to that. So that's number, that's, how is that not a correct and fair reading of the transcript, number one? And then question two is, isn't by statute, the court required to consider the background, history, circumstances of the defendant in making that determination, and hearing that the defendant, in fact, or hearing evidence that the defendant both admitted that he had some sexual activity with IG, hearing that he admitted that both in the chat room and to his ex-girlfriend, Ms. Bond, how is that not sufficient for the court to consider that information in deciding that this is not just a regular possession case? I hate to criticize counsel, fellow colleagues in this instance, but I'd submit either we are going to correct the mistakes made now, or this case may very well come back on 2255, because in terms of what was presented, whether it be through Agent Heyer or through the mother, it simply wasn't subjected to the adversarial process. No cross-examination was given to Agent Heyer's testimony. We need to base our sentences on specific and reliable facts, and all Agent Heyer indicated was, hey, I talked to Mr. Cooney's ex-girlfriend, and she told me that he said. Now all of a sudden we're dealing with second-generation hearsay, supposedly that was never subjected to any notion of adversarial process. Counsel, what about his statement in the chat room? What about his admission there? That's not second-level hearsay. That was included as relevant conduct. Everything that Agent Heyer had to say, everything that the mother had to say, was outside of the confines of the PSR. It wasn't included as offense conduct. It wasn't included as relevant conduct. It was included as, is it not reliable information for which a district court can consider in a sentencing by statute under 3553A and under 3661 to consider the background, history, and circumstances of the defendant? Sure, that's an appropriate factor, and I would certainly give that, but in this instance, my take, and again, this is a criticism. Counsel? Yes, I'm sorry, go ahead. That's okay, this is Robin Rosenthal. I'm sorry to interrupt, but I have a sort of a question about the analysis framework. When I was reviewing this, the arguments that are being made strike me as procedural reasonableness arguments, and not substantive reasonableness arguments. Of course, if we made them as procedural reasonableness arguments, you would run headlong into the problem that you're talking about right now, which is there are no objections, so they'd be subject to plain error review. And so, I wonder if you can import what are procedural reasonableness arguments into the substantive reasonableness framework and avoid plain error review by doing that. I mean, do you have any case law that suggests that that is appropriate or that would support doing that? I hope, in the minute that I think that I have left in terms of addressing this answer, if we look at procedural and substantive reasonableness, the argument that we're making here is in terms of 19 years as substantively unreasonable. One of the factors listed in terms of substantive reasonableness is the court fails to consider pertinent Section 3553A factors. One of the five factors that have enunciated for procedural reasonableness is failing to consider the 3553A factors. When we canvass the case law nationwide or jurisprudentially, what we discover is that there is an overlap between procedural and substantive analysis. In this instance, the argument presented to the court for your review is whether 19 years, given all the surrounding circumstances, is substantively reasonable. We're indicating that, we're asking that we vacate as substantively unreasonable because we're going to have that firm and definite conviction that the court improperly weighed or failed to consider the appropriate 3553A factors as the record comes to the court. My clock says that I'm out. If there are any questions in terms of this instance, I will reserve my time for rebuttal for those five minutes I have left. Thank you very much, Counselor. You do have five minutes of rebuttal time and we'll hear from Ms. Corinas. Is that correct? That is correct, Your Honor. Thank you. Jennifer Corinas for the United States. Mr. Cooney has failed to show here that his sentence was substantively unreasonable or that the district court abused its discretion in balancing the 3553A factors. I just want to turn right to a couple of the questions that the court has asked. Two of the problems with Mr. Cooney's argument are number one, as we stated in our brief, most of his arguments sound in procedural unreasonableness and would be subject to plain error review. The other is the case law and legal arguments focus on cases where the disputed facts are in the context of sentencing guidelines. Here, there are no disputed facts. There are no objections. Those cases are just simply inapposite as to whether or not the court relied on sufficient evidence to impose a sentencing enhancement. My brother's argument that this is a substantive reasonableness argument that sweeps in all of these other It would then deprive the district court of the opportunity, which is the point of objecting, of trying to correct any errors there might be. Here, that never happens, and the court very reasonably balanced the 3553A factors. It said that it did, and we can be cynical and say, well, it can just recite those words, but the case law is clear. The court doesn't have to recite any magic words. It doesn't have to say anything  We credit the court when it says that, and we credit the court when it says I considered mitigation. The court did that here, and the material before the court, undisputed, unobjected to, shows, as Judge Luck pointed out, Mr. Cooney stated in both the kick chat room and to his ex-girlfriend that he had sexually abused IG. He claims in the kick chat room he did that to the end of seeming legitimate in order to get photos of panties, but he had no reason, no similar reason to do that with his ex-girlfriend. He was very specific about how he had abused her, and it was very reasonable for the court to look at that and say, this man is very dangerous. And the brief also argues that it's been eight years since he's seen IG. He maintained a dangerous obsession with IG for eight years. That certainly goes to the reasonableness of the court's sentence here, that Mr. Cooney was dangerous, and his conduct was very severe. He solicited violent pornography. His pornography was exclusively little girls, and heavily themed in daddy-daughter incest, in bondage, sadomasochism. The court's seen the record. He solicited the notorious Daisy's destruction video. This is not someone who had a benign panty fetish. This is someone who is a danger, as the court found, and the record supports that his sentence was reasonable, and the court did not abuse its discretion. And if the court has no questions, I'm happy to rest on our brief. And we ask that the court affirm the sentence. All right. Thank you, counsel. Mr. Lane, you have five minutes of rebuttal time. Thank you, Your Honor. If, I think a couple of points there, if the court is concerned, or we collectively as a community or neighborhood are concerned about dangerousness in this case, and in any sex offense, you have that notion here. The guidelines certainly accommodate for that. Even, say, for example, you added a five-level pattern enhancement. If we found, as a factual matter, that the allegations are true, and that the court makes these factual determinations and includes them as a five-level pattern enhancement, you're still going to run up to, I think in my math, is right up to a level 33 category 135 to 168. That's roughly 11 years to 14 years. You're still giving a 19-year sentence above and beyond a five-level pattern enhancement that would accommodate these types of behaviors. The overall, if we look at the case at 30,000 feet, when we consider substantive review, and I would footnote this to say there is some overlap between procedural and substantive analysis, because, again, our complaint is the totality of 19 years, given all the surrounding circumstances, is simply too much. Even though, legally, Congress says, hey, the statutory max is 20 years, under 3553A, we are still obligated to impose a sentence that is sufficient, but not greater than necessary to meet out or satisfy the stated purposes of sentencing. That might include punishment, protection, deterrence, and rehabilitation, if I can be informal in that regard. 19 years exceeds that. It's too draconian. It's too excessive. It doesn't take into consideration those remaining factors. Here, in this instance, we have Dr. Danzinger, who's been practicing as long as I've been around. That's been for 20-some-odd years. He indicates as a factual matter that Mr. Cooney doesn't present a risk. He doesn't counsel. That was specifically based on a determination by the doctor that there had been no prior instances of sexual activity with minors. We know that not to be the case, because your client admitted in the chat that he had prior activity, and he admitted to his girlfriend that he had prior activity. The premise of the report seems to be wrong, and to rely on that, and to require the district court to rely on that based on the evidence that it had, would seem to itself be unreasonable. But I think the premise of that characterization undermines the entirety of why we have an adversarial process to bring together in terms of what we consider the appropriate sentence. Two questions again. What is it that the client did wrong, and then what are we going to do about it? In this instance, if the concern whether it be by the district court or this court is, what exactly do we have? Say, for example, the ex-girlfriend is supporting her initially. The mom of the girlfriend is supporting Mr. Cooney initially. Now, all of a sudden, a government agent says through hearsay, oh, by the way, they are retracting their statements in support of. How do we know factually what took place in terms of puffery, or in terms of encouragement, or in terms of solicitation for what Mr. Cooney did? I'm not taking away from the egregiousness of what Mr. Cooney did in this instance. Counsel? Counsel? The problem is, and I think you put your finger on it, the problem is it might be one of a 2255, and because there were no objections, it's hard to say that the district court committed error in relying on it. I mean, that's the problem here. But if I can have an objection to agent hire, we don't have a cross or any objection to the mother's victim impact statement, because we know the court wasn't going to allow for that. We do have the entirety of Mr. Cooney's sentencing presentation. We have his sentencing memorandum. We have his letters in support. We have Dr. Danzinger's psychiatric evaluation and psychosexual evaluation. And to wholesale, toss those aside, in light of what the mother has to say about her daughter from eight years ago because she had urinary tract infections or other notions or factors of issues, ergo Mr. Cooney necessarily in fact must have molested her eight years ago, I just don't think we can make that type of faith or jump in this instance. Overall, I see my clock is running down. When we look at the case at 30,000 feet, what the district court did in this case was to wholesale displace the guidelines with the statutory maximum. He wholesale replaced Mr. Cooney's sentencing presentation by saying that the mother's impact statement was dispositive. He even writes it within his statement of reasons. The mother's compelling testimony. I don't even know if that qualifies as testimony in this case. But the adversarial process should be allowed to say under 3553A, when we look at all the surrounding circumstances, 19 years, at least according to us, is simply above and beyond what we need to do in this case. It is far greater than necessary to meet out the stated purposes of the statute. With that, I would like to vacate that sentence and demand the matter for a brand new sentencing hearing. Thank you very much, counsel.